UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITIBANK, N.A., *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *Defendant and Counterclaim Plaintiff*, <br><br> and <br><br> LINDA E. ANSANELLI, *et al.*, *Counterclaim Defendants.* | No. 3:22-cv-00922 (JAM) |

**RULE 54(b) FINAL JUDGMENT**

Upon consideration of *Defendant and Counterclaim Plaintiff United States' Motion for Entry of Rule 54(b) Judgment* (Doc. #52), which requests a final judgment on part of its counterclaim to enforce its liens against certain real property at 36 Peach Orchard Lane, Borough of Bantam, Litchfield, Connecticut (defined and more fully described below as the "Property"); having entered Default Judgments against counterclaim defendants Vincent W. Ansanelli, Jr., Linda E. Ansanelli, U.S. Bank National Association, As Trustee Under The Pooling And Servicing Agreement, Dates As Of January 1, 2004, Among Credit-Based Asset Servicing And Securitization LLC, ASSET Backed Funding Corporation, Litton Loan Servicing LP and U.S. Bank National Association, C-Bass Mortgage Loan Asset-Backed Certificates, Series 2004-CB1, and As Trustee Under The Pooling And Servicing Agreement, Dated As Of January 1, 2004, 2004-CB1, C-Class Mortgage Loan Asset-Backed Certificates, Series 2004-CB1, and Finance America, LLC; and the Court having determined that there is no just reason for delay of entry of a judgment that is final, pursuant to Fed. R. Civ. P. 54(b), as to the enforcement of the federal tax

liens and as to the interests of all parties except plaintiff and counterclaim defendant Citibank, N.A.;

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

 (A) The defendant and counterclaim plaintiff United States' motion is GRANTED.

 (B) The Default Judgment (Doc. #50) shall be a final judgment under Fed. R. Civ. P. 54(b), and is incorporated herein.

 (C) This Rule 54(b) Final Judgment shall be final, pursuant to Fed. R. Civ. P. 54(b), as to all claims except for the claims set forth in the complaint of the plaintiff Citibank, N.A., Not In Its Individual Capacity But Solely As Owner Trustee For New Residential Mortgage Loan Trust 2018-2, and defenses thereto, and the claims of the counterclaim defendant Citibank, N.A., Not In Its Individual Capacity But Solely As Owner Trustee For New Residential Mortgage Loan Trust 2018-2, as to the validity, extent, and priority of its claims to and interests in the real property which is the subject matter of the counterclaim of the counterclaim plaintiff United States of America (the "Property," described in more detail below), and the proceeds thereof.

 (D) The United States has valid and subsisting federal tax liens (the "Federal Tax Liens") under 26 U.S.C. §§ 6321 and 6322 securing the tax liabilities of Vincent W. Ansanelli, Jr., in the amount of $1,488,003.55, plus statutory additions from and after March 3, 2022, for the 2009 through 2018 income tax years, contained in the judgment entered in the action captioned *United States of America v. Vincent W. Ansanelli, Jr.*, No. 3:21-cv-1542 (JAM).

 (E) The Federal Tax Liens described in the preceding paragraph attached to counterclaim defendant Vincent W. Ansanelli, Jr.'s interest in the real property located at

36 Peach Orchard Lane, Borough of Bantam, Litchfield, Connecticut (the "Property"), which has a legal description as follows:

> ALL THAT CERTAIN piece, parcel, lot, or tract of land together with the buildings and improvements thereon standing situated in the Town and County of Litchfield and State of Connecticut shown as a certain 4.613± acre parcel of land on a certain map entitled:
>
>> *Property/Boundary Survey Map Prepared For Vincent W. Ansanelli Linda E. Ansanelli Peach Orchard Lane Litchfield, Connecticut Scale 1" = 50' May 1999 Zone R-80* Prepared and certified substantially correct by Samuel P. Bertaccini, Jr., RLS #10383, Litchfield, Connecticut.
>
> The aforesaid map has been filed for record with the Litchfield Town Clerk on May 28, 1999 and recorded as Map No. 100674 to which reference may be had for a more particular description of the aforesaid premises.
>
> The property is also known as Lot 34 in Section 2 of Avalon Farms subdivision so-called and is shown on a certain set of subdivision maps (including cover and sheets 1 through 13 inclusive) the sheet showing the aforesaid Lot 34 being entitled Avalon Farms, Rt. 202, Litchfield, Connecticut prepared by Empire Associates, Inc., Plainville, Connecticut under date of Aug. 1977 and filed for record with the Litchfield Town Clerk as Map No. 18-4.
>
> The property is conveyed TOGETHER WITH a right to pass and repass over all roadways shown on the aforesaid subdivision maps and the rights contained in Warranty Deed from Peter H. Tillou to A. Lawrence Groo dated and recorded on March 1, 1994 in Volume 221 Page 638 of the Litchfield Land Records and SUBJECT TO:
>
>> (1) Taxes due to the Town of Litchfield on the Grand List of October 1, 1998 which the Grantee assumes and agrees to pay.
>> (2) All buildings and set-back restrictions, and any and all laws, ordinances and governmental regulations restricting, regulating, or prohibiting the occupancy, use or enjoyment of the land and regulating the character, size or location of any improvements now or hereafter erected on said land.
>> (3) A Declaration of Restrictions and Covenants dated January 5, 1978 and filed for record with the Litchfield Town Clerk on January 24, 1978 and recorded in the Litchfield Land Records in Volume 161 Page 169.
>
> Prior Deed References:  Meaning to describe the property conveyed to Vincent W. Ansanelli, Jr., and Linda E. Ansanelli, by warranty deed of Lawrence Groo, dated May

28, 1999, and recorded in the Litchfield Land Records at Volume 247, Pages 670-671, on May 28, 1999; and the property purported to be conveyed to Linda E. Ansanelli by quitclaim deed of Vincent W. Ansanelli, Jr., dated November 17, 2000, and recorded in the Litchfield Land Records at Volume 254, Pages 719-720, on December 1, 2000.

(F)     Counterclaim defendant Linda E. Ansanelli holds record title to the Property as the mere nominee of counterclaim defendant Vincent W. Ansanelli, Jr., the true and equitable owner of such Property.

(G)     Counterclaim defendant U.S. Bank National Association, As Trustee Under The Pooling And Servicing Agreement, Dated As Of January 1, 2004, 2004-CB1 Trust, C-Bass Mortgage Loan Asset-Backed Certificates, Series 2004-CB1, and as Trustee Under The Pooling And Servicing Agreement, Dated As Of January 1, 2004, Among Credit-Based Asset Servicing And Securitization LLC, Asset Backed Funding Corporation, Litton Loan Servicing LP and U.S. Bank National Association, C-Bass Mortgage Loan Asset-Backed Certificates, Series 2004-CB1, has no right, title, claim, lien, or interest in the Property or in the proceeds of any sale of the Property.

(H)     Counterclaim defendant Finance America, LLC, has no right, title, claim, lien, or interest in the Property or in the proceeds of any sale of the Property.

(I)     Counterclaim defendant Hocon Gas of Torrington, LLC, has a valid and subsisting personal property lien on one 500-gallon underground propane tank located on the Property (Tank serial # 2SD058293) perfected by a UCC Financing Statement filed with the Litchfield Town Clerk on May 31, 2013, at Volume 348, Page 997, which was amended by a Statement Amendment filed with the Litchfield Town Clerk on May 17, 2018, at Volume 377, Pages 152-53. Otherwise, Hocon Gas of Torrington, LLC, has no right, title, claim, lien, or interest in the Property or in the proceeds of any sale of the Property.

4

(J)     The counterclaim plaintiff United States is entitled to enforce the Federal Tax Liens against the Property pursuant to 26 U.S.C. § 7403 with the sale of the entire Property (including by a receiver if requested by the United States) free and clear of all rights, titles, claims, liens, and interests of the parties (including any rights of redemption), except that the Property shall be sold subject to the personal property lien of Hocon Gas of Torrington, LLC, on one 500-gallon underground propane tank located on the Property (Tank serial # 2SD058293).

(K)     Unless otherwise ordered by the Court, the proceeds of the sale of the Property shall be deposited with the Clerk of the Court, to be distributed by further order of the Court and subject to the Court's further determinations as to the validity and priorities of the claims of the parties as set forth herein.

(L)     The counterclaim plaintiff United States of America may file a motion for an order of sale of the Property in order to enforce this final judgment after it is entered.

It is so ordered.

Dated at New Haven this 4th day of March 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge